**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 02-30146**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**DANIEL P. DEROUEN,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Western District of Louisiana**
**(01-CR-60029-ALL)**

_____

August 29, 2002

Before JONES, BARKSDALE, and BENAVIDES, Circuit Judges:

PER CURIAM:[*]

Daniel P. Derouen appeals his sentence following his guilty-plea conviction of possession of a videotape containing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).  **AFFIRMED.**

Derouen contends that the district court erred in denying his motion for a downward departure from the applicable guideline imprisonment range, based on his contention that his offense was "aberrant behavior" under U.S.S.G. § 5K2.20.  Because nothing in the record indicates the district court held a mistaken belief

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

about its discretion to depart, this claim is not reviewable on appeal. *See* ***United States v. Wilson***, 249 F.3d 366, 380 (5th Cir. 2001).

Derouen also maintains that the district court violated his due process rights by declining to release to him *ex parte* letters that contained "secret, unfavorable ... information". At sentencing, the district court stated that it had received some letters that were "very favorable" to Derouen and others that were "very unfavorable".

No error could have occurred in this instance because the record reflects that the district court did not rely on the adverse letters in fashioning Derouen's sentence. *See* ***United States v. Lemons***, 941 F.2d 309, 320 (5th Cir. 1991) (holding no error in failure to disclose adverse letters and noting that the district court did not rely on them); *see* FED. R. CRIM. P. 32(c)(3)(A) ("If the court has received information excluded from the presentence report under subdivision (b)(5) the court—in lieu of making that information available—must summarize it in writing, *if the information will be relied on in determining sentence*.") (emphasis added). Derouen was sentenced at the bottom of the applicable guideline imprisonment range, the calculation of which he has not contested. Moreover, a review of the sentencing hearing transcript suggests the district court discredited the adverse letters.

*AFFIRMED*.